**UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Appellants.**

**No. 24873.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 7, 1972.

Decided March 30, 1972.

Mr. Thomas E. Silfen, Atty., N. L. R. B., of the bar of the Supreme Court of Illinois, *pro hac vice*, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel at the time the brief was filed, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Glen M. Bendixsen, Chief of Special Litigation, N. L. R. B., were on the brief, for appellants.

Mr. Stanley Lubin, Detroit, Mich., for appellee.

Before FAHY, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

On March 29, 1968, the National Labor Relations Board (Labor Board) conducted a representation election among the production and maintenance employees of the Thomas Engine Company (Thomas). The election tally showed 74 votes for the United Automobile, Aerospace and Agricultural Implement Workers (the Union), 76 votes against union representation, and 7 challenged ballots. The Union claimed that two voters were ineligible due to their alleged "supervisory" status, while Thomas contended that five persons were ineligible to vote due to their having been laid off or discharged prior to the election.

A hearing to consider the seven challenges was ordered by the Regional Director. However, before the hearing could be held, Thomas completely terminated its operations, transferring its assets to a new employer, the Upshur Engine Company (Upshur). Shortly thereafter, Upshur reopened the plant. Although there were approximately 167 eligible voters in the unit at the time of the representation election, there were only 120–130 employees remaining when Thomas ceased its operations. When Upshur reopened the plant, it only hired 97 production and maintenance employees—90 of these being former Thomas employees.

The representation hearing was finally held, however, and the Trial Examiner[1] filed a decision recommending that the two challenges by the Union and two challenges of the employer be sustained, that three challenges by the company be overruled, and that these three ballots—a sufficient number to possibly affect the outcome of the election—be opened and counted. Exceptions to this decision were taken by both Upshur and the Union, and the case was transferred to the National Labor Relations Board.

At the outset of its decision, the Labor Board stated that it "adopts the findings, conclusions and recommendations of the Trial Examiner only to the extent consistent herewith." Thereafter it recited the Examiner's conclusions regarding the seven challenged ballots, without expressing any approval or disapproval of them. It then proceeded to hold that because of the intervening transfer of the business and the resultant alteration in the employee comple-

---

1. Although representation hearings conducted pursuant to section 9 of the National Labor Relations Act, as amended, 29 U.S.C. § 159 (1970), are generally held before a hearing officer appointed by the regional director, a trial examiner was utilized in the present case due to the fact that the representation hearing was consolidated with the hearing relating to unfair labor practices allegedly committed by Thomas. Unfair labor practice hearings are conducted by trial examiners, who are appointed in accordance with the Administrative Procedure Act.

ment, the original election no longer constituted a fair measure of the current employees' sentiment. The Board, for the latter reason, set aside the election and directed that a new one be held.

On April 5, 1970, the Union filed a complaint in the United States District Court for the District of Columbia seeking a mandatory injunction to compel the Board to issue a tally of ballots and certify the results of the original election, and to restrain the Labor Board from conducting a rerun election. The Labor Board challenged the jurisdiction of the District Court, and it alternatively argued that in any event the court should at least remand the case to the Board so that it could specifically consider the Trial Examiner's findings with respect to the seven challenged ballots. The District Court overruled the jurisdictional argument of the Labor Board, granted the Union's motion for summary judgment, and directed the Board to open the three challenged ballots which the Trial Examiner had recommended be opened and to certify the results of the election. The instant appeal followed.[2]

■ Although the Union contends that the introductory "boilerplate" language—which we noted above—in the Labor Board decision indicates that the Board considered and approved the Trial Examiner's findings regarding the seven challenged ballots, we cannot accept this assertion. Nothing in the Labor Board's decision evidences a meaningful intention on its part to approve those portions of the Examiner's decision.[3] Furthermore, "[i]t is a uniform course of appellate review procedure to decline to review questions not necessary to a decision by an appellate court." Highland Supply Corp. v. Reynolds Metals

Co., 327 F.2d 725, 729 (8th Cir. 1964). See also Dick v. New York Life Ins. Co., 359 U.S. 437, 445, 79 S.Ct. 921, 3 L.Ed. 2d 935 (1959). In light of the manner in which the Board disposed of the representation election question, when reviewing the Trial Examiner's determinations, we can only conclude that it never really considered the challenged ballot issue which was wholly irrelevant to its decision.[4]

■ The Union alternatively contends that even if the Board did not in fact consider the ballot issue in its decision, it should be estopped from asserting otherwise because of the express language in its opinion which it contends is to the contrary. We do not so read the language of the opinion. However, while such an interpretive rule might have application where one of two interested parties prepared the document in question, we believe that it would be detrimental to the policies underlying the National Labor Relations Act to apply it to Labor Board decisions under circumstances such as those present here. This Act was enacted by Congress to protect the rights of employees, unions, employers and the public. The Labor Board merely performs a neutral administrative function. If the Union's estoppel theory were accepted in this case, the employer and the employees would be the ones whose rights would be affected, despite the fact that they had nothing to do with the formulation of the Board's decision. It would also elevate the Trial Examiner's decision in this case to a level above the decision of the Board. Such a result would clearly be improper. See, e. g., Oil, Chemical & Atomic Workers International Union, Local 4–243 v. N.L.R.B., 124 U.S.App.D.

2. The Labor Board has not pressed its jurisdictional argument before this court. It has only challenged the refusal of the District Court to remand the case to it for a determination of the propriety of the Trial Examiner's conclusions concerning the challenged ballots.

3. The Board's determination of the unfair labor practice issue involving employees

Dickey and Wilkins may undoubtedly be determinative of the question relating to the validity of their ballots. This, however, does not affect the challenges concerning the five remaining ballots.

4. See note 3, supra.

C. 113, 115, 362 F.2d 943, 945 (1966); Warehousemen & Mail Order Employees, Local 743, I.B.T. etc. v. N.L.R.B., 112 U.S.App.D.C. 280, 284, 302 F.2d 865, 869 (1962). The case must accordingly be remanded to the Board for consideration of the seven challenged ballots.

The briefs of the parties concerning the challenged ballots, and the record pertaining thereto, were filed with the Board prior to the issuance of its previous decision and we believe that there is no reason why the Board cannot dispose of this question on an expedited basis upon remand. The Board does not seriously oppose the Union's request for expeditious treatment. We therefore remand the case to the District Court for further remand within seven (7) days to the Labor Board for it to resolve the challenged ballots and certify the results of the representation election within thirty (30) days from the date of issuance of the order of the District Court. The Clerk is directed to issue the mandate forthwith.

Judgment accordingly.